HELLEN (Case No. 6,336)

## Case No. 6,335.

### The HELEN R. COOPER and The R. L. MABEY.

[10 Blatchf. 212.] [1]

Circuit Court, E. D. New York. Oct. 4, 1872.

DECREE IN ADMIRALTY — ORDER OF EXECUTION AGAINST TWO VESSELS—SURETYSHIP.

A libellant, in a suit in admiralty, had a decree against two vessels, for damages, which contained no provision for an apportionment of the damages between the two vessels, or otherwise settling the equities between their claimants. After decree, it being shown that the claimant of one vessel, and his sureties, stood in the relation of sureties for the claimant of the other vessel and his sureties, and that the latter had assumed the litigation and agreed to indemnify the former, the court, on the application of the former, made an order that the libellant first issue execution against the latter, and that proceedings against the former be stayed until the return of such execution.

In admiralty.

Benedict & Benedict, for libellants.
Goodrich & Wheeler, for the R. L. Mabey.
Beebe, Donohue & Cooke, for the Helen R. Cooper.

WOODRUFF, Circuit Judge. This is a motion on behalf of the R. L. Mabey, in substance, for an order directing the libellants to execute the decree, (which is, in form, against both vessels,) against the claimants of the Helen R. Cooper and their stipulators, or to exhaust their remedies, under the decree, against such claimants and their stipulators, before proceeding to execute the decree against the R. L. Mabey.

The proofs now laid before me show that, in relation to the subject in controversy, the claimants of the R. L. Mabey, and their sureties, stood in the relation of sureties for the others, and that the latter had assumed the litigation and agreed to indemnify the former. It is, therefore, just and equitable, that the claimants of the Helen R. Cooper, and their stipulators, should pay the damages and costs awarded to the libellants by the decree. This brings the case within the principle of the decision in The D. S. Gregory [Case No. 4,100], and 9 Wall. [76 U. S.] 513, where the court directed, that, as between the two vessels, the recovery be equally apportioned, and that, although each was assumed to be liable for the whole amount to the libellant, and, so, in respect to each one-half, each vessel was surety for the other, the libellant, on receiving from either vessel one-half, should stay proceedings until execution had been issued and returned as against the other. Although no direction was given, in the decree in the present case, as to an apportionment, or otherwise settling the equities between the defendants, and while it is also clear that no modification of the decree should now be made, I think the court

has power to control the manner of its execution, so as to do justice between the defending parties, if thereby the libellants are deprived of no right. They must be permitted to collect their whole decree out of some one or all of the parties liable.

In analogy, therefore, to the decision in the case above referred to, an order is granted, that the libellants first issue execution against the claimants of the Helen R. Cooper and their stipulators, and that proceedings against the claimants of the R. L. Mabey and their stipulators be stayed until the return of such executions against the others. Either party is to be at liberty to apply to the court for further direction, as they may be advised.

[The facts upon which the decree referred to was based are given in Cases Nos. 6,333 and 6,334.]